## FRINK *v.* POND.

The "credible witnesses" which the statute requires in the case of wills, must be witnesses who are, at the time of the attestation, competent to testify and prove its execution.

But, in case of a deed of real estate, the "two or more witnesses," by whom the statute requires it shall be attested, need not be competent at the time of attesting the deed, but if either be competent at the time the attestation is to be proved, that is sufficient.

When the legislature adopts or re-enacts a statute, the previous construction of the statute, as settled by the courts of law, is also adopted.

IN this action the question of the liability of said Pond as the trustee of Buss & Woodward was tried by the jury upon the common issue. The trustee held certain personal property of Buss & Woodward under an instrument which purported to be a general assignment to him for the benefit of their creditors. The only ground stated by the plaintiff's counsel, in his opening, upon which he claimed to charge the trustee, was that the assignment was made and accepted with the intent of defrauding, hindering or delaying the creditors of Buss & Woodward.

Buss & Woodward, at the time they executed the assignment, owned real estate in this county. In the course of the trial the trustee proposed to prove the formal execution of the instrument by Mr. Vose, one of the two subscribing witnesses; but it appearing that Mr. Vose was, at the time of the execution of the assignment and also at the time of the trial, a director and stockholder of the Cheshire County Bank, which

was at both these times a creditor of Buss & Woodward, the plaintiff objected that the assignment was for this reason invalid, but the court overruled the objection. The plaintiff also objected that for this reason said Vose was not a competent witness to prove the formal execution of the assignment; but the court overruled the objection and permitted him, subject to exception, to testify to the formal execution of the assignment. To both these rulings the plaintiff excepted. Subsequently the trustee introduced Mr. Tilden, the other subscribing witness, who testified to the formal execution of the assignment; and thereupon the court, at the request of the trustee, ruled out so much of the testimony of Vose as went to prove the formal execution of the assignment, and directed the jury to lay it wholly out of the case.

The jury returned a verdict for the trustee, which the plaintiff moved to set aside because of the foregoing exceptions.

The questions of law arising in the case were reserved.

*Cushing & Woodward*, for plaintiff.

*Wheeler, Faulkner & Vose*, for trustee.

SARGENT, J. Chap. 2090 Pamph. Laws, amending Chap. 1952 Pamph. Laws, which acts removed the disqualification of interest in witnesses, provides, in sec. 2, "that nothing in this act or in the act to which this is an amendment shall in any manner affect the law relating to the attestation of wills and testaments or any other instrument required by law to be attested." This leads to an examination of what the law required before the passage of these acts in relation to the attestation of wills and of deeds.

In regard to wills, it is well settled that the "credible witnesses" which the statute in that case requires, must be witnesses who are at the time of the attestation competent to testify and prove its execution. *Smith* v. *Chamberlain*, 2 N. H. 440, and cases cited 441; *Carleton* v. *Carleton*, 40 N. H. 14; *Amory* v. *Fellows*, 5 Mass. 228.

But, in case of a deed of real estate, it has been held otherwise. The two or more witnesses, by whom the deed "must be signed," by the act of 1791, N. H. Laws (1815) 191, and by the act of 1829, N. H. Laws (1830) 583, and by whom it "must be attested," by Rev. Stats. chap. 130, sec. 3, are not in terms required to be credible or competent witnesses, as in case of wills, and it has been held that they need not be competent at the time of signing or attesting the deed, but if either be competent to testify at the time the signing or attestation is to be proved, that is sufficient. *Smith* v. *Chamberlain*, 2 N. H. 440.

This was the construction put upon the act of 1791, which act has, as we have seen, been twice re-enacted since, without any change in the language that would indicate any intention to change the law; and "it is an established legal maxim that when the legislature adopt or re-enact a statute the previous construction of the statute as settled by the courts of law is adopted." *Tomson* v. *Ward*, 1 N. H. 9; *Mooers* v. *Bunker*, 29 N. H. 420.

The deed in question was well proved by Mr. Tilden, the witness, who was and always had been disinterested and competent. It becomes, therefore, unnecessary to discuss the question of the competency of Mr. Vose's testimony in regard to the execution of the deed, because the temporary introduction of his testimony, even if it were incompetent, would be no ground for setting aside the verdict as it was afterwards ruled out, and the jury instructed not to consider it. *Judge of Probate* v. *Stone*, 44 N. H. 593.

*Corbett* v. *Norcross*, 35 N. H. 99, cited as an authority by plaintiff, is not in point. There the name of the wife of the grantor appeared upon the deed as one of the subscribing witnesses, and it was there held, as it would be now, that the grantor might as well have witnessed his own deed, as to have had his wife witness it for him.· This was not merely because the wife was interested, but because she is excluded as a witness on grounds of public policy, independent of her interest, in cases in which her husband is a party. *Kelley* v. *Proctor*, 41 N. H. 139; *Smith* v. *Railroad*, 44 N. H. 325.

*Judgment on the verdict.*